Case: 1:25-cv-00546 Document #: 1-1 Filed: 01/16/25 Page 1 of 7 PageID #:3

Hearing Date: 9/17/2024 10:30 AM
Location: Court Room 2102
Judge: Atkins, David B.

FILED
5/20/2024 1:40 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04713
Calendar, 16
27764734

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Dr. ZARA KEGLOVITZ, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 2024CH04713 |
| | ) |
| TONAJAH HOOKS, STANLEY | ) |
| HAMILTON, TRACY MARSHALL, and | ) |
| the DEPARTMENT OF CHILDREN AND | ) |
| FAMILY SERVICES of Illinois, | ) |
| | ) |
| *Defendants*. | ) |

### COMPLAINT AT LAW AND EQUITY

Plaintiff ZARA KEGLOVITZ, by and through her undersigned counsel, hereby respectfully complains and alleges against Defendants TONAJAH HOOKS, STANLEY HAMILTON, TRACY MARSHALL, and the DEPARTMENT OF CHILDREN AND FAMILY SERVICES of Illinois, jointly and severally, as follows:

### General Allegations Common to All Counts

1. Plaintiff is a natural person and resident of the state of Illinois.

2. At all times herein relevant, Plaintiff was and is, and identifies as, Black and/or African-American.

3. At all times herein relevant, Plaintiff was and is, and identifies as, a transgender woman.

4. Plaintiff is highly intelligent and has multiple graduate and post-graduate degrees, including a doctorate degree in health administration.

5. Plaintiff has also been accepted to Harvard Medical School.

6. As such, Plaintiff is highly qualified as a foster parent and caregiver.

7. However, according to the rules, policies, and procedures available on the website of the Department of Children and Family Services ("DCFS"), DCFS has no prohibitions on transphobia by employees.

8. At all times herein relevant, Plaintiff has served as foster parent and/or caregiver to Dreden Stuckey-Carter ("Duke").

9. TONAJAH HOOKS served as DCFS case manager for Duke's case.

10. STANLEY HAMILTON served as DCFS case manager supervisor for Duke's case.

11. TRACY MARSHALL served as DCFS Public Service Administrator for Duke's case.

12. Hooks, Hamilton, and Marshall did not want to comply with the needs of Duke's case because Plaintiff is transgender.

13. As a result, TONAJAH HOOKS, STANLEY HAMILTON, and TRACY MARSHALL, three employees of DCFS, have engaged in a protracted campaign of transphobic and racist harassment against Plaintiff.

14. In or around November 2023, a court order was issued requiring that Hooks arrange visitation for Duke's biological parents within a week. However, Hooks ignored that court order because she did not want to interact with a transgender person.

15. On or about November 21, 2023, Duke was "specialized," meaning designated as special needs.

16. Hamilton and Marshall were therefore required by DCFS policy to inform Hooks to visit Plaintiff's home three times per month. However, Defendants did not want to interact with a transgender person, so Hooks often skipped these visits, and Hamilton and Marshall did not require them.

17. On or about November 23, 2023, Hooks made a visit to Plaintiff's home, during which Plaintiff made detailed requests for Duke's care, including without limitation a psychological evaluation, individual therapy, family therapy, parenting classes, behavioral therapy, and play therapy. Hooks noted these requests but took no other action.

18. Instead, Hooks decided that Plaintiff was an inadequate foster parent because of her transgender identity.

19. On or about December 7, 2023, Hooks and Plaintiff spoke on the phone.

20. During that conversation, Hooks falsely accused Plaintiff of having a problem with Duke's visitation with Duke's biological parents.

21. Hooks then threatened to remove Duke from Plaintiff's home.

22. Plaintiff asked Hooks "Are you threatening me?"

23. In response, Hooks stated, purposefully and deliberately, "Yes I am sir."

24. Hooks deliberately misgendered Plaintiff in doing so.

25. Plaintiff corrected Hooks and said "It's ma'am."

26. Hooks responded by saying "Whatever you are" and making statements belittling Plaintiff's gender identity.

27. Hooks' transphobic commentary demonstrated that her attempts to remove Duke from Plaintiff's home were motivated solely by animus towards Plaintiff on the basis of her gender identity.

28. Later that day, Plaintiff complained to Defendant Marshall regarding Hooks' transphobic conduct.

29. Marshall took no action in response to that complaint.

30. On January 18, 2024, Plaintiff again emailed Marshall and Hamilton regarding Hooks' communication.

31. Plaintiff noted that Hooks often refused to respond to Plaintiff's messages regarding scheduling.

32. By the end of February, Hooks had cancelled or skipped repeated appointments and failed to schedule several more.

33. In fact, Hooks had failed to visit Plaintiff's home for over weeks by the end of February.

34. On March 5, 2024, youth care health specialist Chalaunt M. Williams informed Plaintiff that Hooks had never requested any services for Duke, and had never responded to Williams' emails and phone calls.

35. Hooks' conduct was because she did not want to interact with a transgender person.

36. Motivated by transphobia, Hooks then had Duke removed from Plaintiff's home.

37. This was not because Plaintiff in any way failed to perform her obligations as a foster parent.

38. Instead, Hooks just did not want to interact with a transgender foster parent.

39. Hooks' conduct was ratified and approved by Hamilton and Marshall.

40. Being transgender does not make Plaintiff unqualified to be a parent, caregiver, or foster parent.

## COUNT I – VIOLATIONS OF 42 U.S.C. 1983
*Action for Money Damages*

41. Plaintiff restates and realleges paragraphs 1-40 of this Complaint as if fully set forth herein.

42. Pursuant to 42 U.S.C. 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

43. Defendants violated Plaintiff's rights under Illinois law and the U.S. Constitution by one or more of the following acts or omissions:

    a. Threatening to remove Duke from Plaintiff's home because she is transgender;
    b. Actually removing Duke from Plaintiff's home because she is transgender;
    c. Purposefully misgendering Plaintiff for being transgender;
    d. Failing to provide DCFS services to Plaintiff and Duke because Plaintiff is transgender;
    e. Other acts and/or omissions as set forth herein.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants in an amount to be proven at trial plus costs, attorney fees, and whatever additional relief this Court deems appropriate and just.

### COUNT II – UNLAWFUL FIRST AMENDMENT RETALIATION
### (VIOLATIONS OF 42 U.S.C. 1983)
### (Action for Injunctive Relief)

44. Plaintiff restates and realleges paragraphs 1-40 of this Complaint as if fully set forth herein.

45. Being transgender is personal expression and speech protected by the First Amendment.

46. In response, and as punishment for engaging in that expression, Defendants removed Duke from Plaintiff's home.

47. That conduct is a violation of Plaintiff's First Amendment rights.

48. Moreover, Defendants' conduct amounts to an unconstitutional prior restraint by preventing Plaintiff from being transgender in front of Duke.

WHEREFORE, Plaintiff respectfully requests this Honorable Court order Defendants to cease amd desist their unconstitutional actions, award Plaintiff her costs and attorney fees, and award whatever additional relief this Court deems appropriate and just.

### COUNT III – VIOLATIONS OF FOURTEENTH AMENDMENT EQUAL PROTECTION

49. Plaintiff restates and realleges paragraphs 1-48 of this Complaint as if fully set forth herein.

50. Defendants treated Plaintiff differently than cisgender (not transgender) foster parents solely on the basis of her gender identity.

51. If Plaintiff had been cisgender, Defendants would not have misgendered Plaintiff or taken Duke from her home.

52. Defendants violated Plaintiff's rights under Illinois law and the U.S. Constitution by one or more of the following acts or omissions:

    a. Threatening to remove Duke from Plaintiff's home because she is transgender;
    b. Actually removing Duke from Plaintiff's home because she is transgender;
    c. Purposefully misgendering Plaintiff for being transgender;
    d. Failing to provide DCFS services to Plaintiff and Duke because Plaintiff is transgender;
    e. Other acts and/or omissions as set forth herein.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants in an amount to be proven at trial plus costs, attorney fees, and whatever additional relief this Court deems appropriate and just.

Respectfully Submitted,
Dr. ZARA KEGLOVITZ

/s/ Sheryl Weikal
By one of her attorneys,
Sheryl Weikal, Esq.

Sheryl Weikal, Esq. #6311043/#62447/#366156
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643
Sheryl@weikallaw.com