UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZARA KEGLOVITZ,<br>      Plaintiff<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CHILDREN AND FAMILY SERVICES,<br>*et al.*,<br>      Defendants | No. 25 CV 546<br><br>Judge Jeremy C. Daniel |

## ORDER

The plaintiff's motion to remand [20] is denied. The defendants' motion to dismiss [14] is granted as to defendants Stanley Hamilton, Tracy Marshall, and the Illinois Department of Children and Family Services and denied as to defendant Tonajah Hooks. Hooks must answer the complaint on or before June 11, 2025. The May 21, 2025, status hearing is stricken.

## STATEMENT

The plaintiff, Dr. Zara Keglovitz, filed this action under 42 U.S.C. § 1983 in the Circuit Court of Cook County, Illinois, against defendants Tonajah Hooks, Stanley Hamilton, Tracy Marshall, and the Illinois Department of Children and Family Services ("DCFS"). (R. 1-1.)[1] She alleges the defendants denied services to, and then removed children from, her foster home because she was transgender, violating the First and Fourteenth Amendments. (*Id.* ¶¶ 41–52.) The plaintiff fostered a child, "Duke,"[2] who was "designated as special needs." (*Id.* ¶¶ 8, 15.) The plaintiff alleges that Hooks, the DFCS case manager for Duke, failed to schedule or attend required visits to her home and failed to act on her requests for specialized care for Duke. (*Id.* ¶¶ 8, 16–18, 31–35.) The plaintiff also pleads that Hooks misgendered her and responded to a correction with "whatever you are." (*Id.* ¶¶ 21–26). Ultimately, she alleges that the foster children in her care, including Duke, were removed because Hooks "did not want to interact with a transgender person," not because she "failed to perform her obligations as a foster parent." (*Id.* ¶¶ 35–38.) The plaintiff brings a

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] A nickname the parties have use for the child. (R. 16 at 4 n.1.)

First Amendment retaliation claim and a Fourteenth Amendment equal protection claim under § 1983. (*Id.* ¶¶ 41–52.)³

The defendants removed the case to federal court, (R. 1), and then moved to dismiss for (1) lack of jurisdiction over DCFS and (2) failure to state a claim against the individual defendants, (R. 16 at 6). The plaintiff responded by moving to remand to state court, arguing that the removal was improper if this Court lacks jurisdiction over DFCS. (R. 20.) She also seeks fees incurred in opposing the removal. (*Id.*)

The Court starts with whether the removal was proper, and concludes it was. "Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff's § 1983 claims for deprivation of her rights secured by the First and Fourteenth Amendments arise under both the Constitution and laws of the United States, and are removable.

As to the defendants' arguments, they first argue that DCFS, a state agency, cannot be sued under § 1983, because § 1983 does not abrogate Eleventh Amendment sovereign immunity. (R. 16 at 6.) This is correct. *Ryan v. Ill. Dep't of Child. & Fam. Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) ("DCFS . . . as an agency of the State of Illinois [is] entitled to immunity under the Eleventh Amendment.").

The plaintiff counters that, if her suit against DCFS cannot go forward in federal court because the Court lacks jurisdiction, then the whole matter should be remanded to state court, because removal is improper if it destroys jurisdiction. (R. 20 at 2.) However, this case, containing only federal claims, is different from cases which involve state law claims. *See e.g., McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 534 (7th Cir. 2022) (remanding state law claims on the basis of sovereign immunity). Here, removal did not destroy jurisdiction; the Eleventh Amendment did. DCFS cannot be sued under § 1983 in federal or state court, because the Eleventh Amendment prohibits either court from exercising jurisdiction over DCFS based on § 1983. *Ryan*, 185 F.3d at 758. But, this Court has original jurisdiction over the § 1983 claims. 28 U.S.C. § 1331. Dismissing an immune defendant does not change the Court's jurisdiction over federal claims. In essence, what the plaintiff is asking this Court to do is relinquish jurisdiction over federal statutory claims because she names

---

³ The plaintiff identifies three counts in her complaint: a § 1983 claim with no specific alleged constitutional violation (Count I), a First Amendment retaliation claim (Count II), and a Fourteenth Amendment equal protection claim (Count III). (R. 1-1 ¶¶ 41–52.) In the briefing, the parties treat these as two § 1983 claims for First Amendment retaliation and Fourteenth Amendment equal protection. (*See* R. 16 at 6–11; R. 27 at 10.) The Court agrees this is the proper interpretation of the claims at issue.

an immune defendant. The Court will not do so. DCFS is dismissed from this case, and the plaintiff's motion to remand is denied.

The defendants also seek dismissal of the individual defendants under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raises the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *In re Abbott Labs. Derivative S'holder Litig.*, 325 F.3d 795, 803 (7th Cir. 2003).

Both sides agree that the plaintiff's equal protection claim receives intermediate scrutiny. (R. 27 at 11 ("the intermediate scrutiny referenced by [the d]efendants. . . is indeed the operative test").) Therefore, the plaintiff must show she was discriminated against based on membership in a definable class. *Word v. City of Chicago*, 946 F.3d 391, 396 (7th Cir. 2020). The defendants argue that the plaintiff failed to make this showing because she complains only of being misgendered and that the defendants "delayed in arranging parental visits in violation of administrative rules." (R. 16 at 10–11.) But this is not a fair summary of her allegations. The plaintiff pled sufficient facts for the court to draw the reasonable inference in her favor that Hooks had foster children removed from the plaintiff's care not because the plaintiff was an inadequate foster parent, but because of Hooks' animosity towards transgender individuals. (R. 1–1 ¶ 36.) This suffices for her equal protection claim against Hooks. For much the same reasons, the plaintiff states a viable claim under the First Amendment against Hooks—it is plausible to infer from the alleged facts that Hooks removed the foster children from the plaintiff's care in retaliation for how the plaintiff presented herself to the world.

The defendant also argues that the removal of foster children was justified, (R. 16 at 4–5), but the Court cannot accept defendants' assertions on a motion to dismiss. Instead, it must accept the plaintiff's well pleaded allegations as true. *See In re Abbott Labs. Derivative S'holder Litig.*, 325 F.3d at 803. Here, the plaintiff alleges that the removal was unjustified, and only done because of Hooks' animosity towards transgender individuals. (R. 1–1 ¶ 36.)

However, there are no properly alleged claims against defendants Hamilton and Marshall. The plaintiff alleges that she reported Hooks' conduct to them, but neither took any action to correct or prevent Hooks' discrimination. (R. 1-1 ¶¶ 29, 30, 39.) This does not suffice for a §1983 claim, as there is no supervisor liability under the statute. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). The defendants' motion to dismiss is granted as to Hamilton and Marshall.

Last, the defendants argue that this case should be dismissed on qualified immunity grounds. (R. 16 at 12.) Qualified immunity exists to protect public officials from suit unless they violate a clearly established statutory or constitutional right. *Doxtator v. O'Brien*, 39 F.4th 852, 863 (7th Cir. 2022). "If the law at that time did not clearly establish that the [official's] conduct would violate the Constitution, the [official] should not be subject to liability or, indeed, even the burdens of litigation." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). To determine whether a right was clearly established, the Court first looks to "controlling Supreme Court precedent and [Seventh Circuit] decisions on the issue." *Kemp v. Liebel*, 877 F.3d 346, 351 (7th Cir. 2017). In the absence of a clear answer, the Court considers whether the alleged conduct was so egregious that no reasonable official could be unaware they were acting unlawfully. *Id*. Taking the facts as alleged in the light most favorable to the plaintiff, this case fits into that latter category. The allegations here are that Hooks' animosity towards transgender individuals, including the plaintiff, motivated the removal of foster children from the plaintiff's home. (R. 1-1 ¶ 36.) If true, this would be egregious discrimination that no one could fairly consider lawful. Therefore, the Court will not dismiss this case on qualified immunity grounds at the motion to dismiss stage.

Date: May 20, 2025

JEREMY C. DANIEL
United States District Judge